UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
OBJECTIVE EQUITY, LLC                      :        -cv- _____
                                           :        The Honorable _____
                       Plaintiff,          :
                                           :
         -against-                         :
                                           :
KASTEN, INC.                               :
                                           :
                       Defendants.         :
------------------------------------------------------------------------X

Plaintiff, Objective Equity, LLC, by and through its undersigned counsel, Zeisler & Zeisler, P.C., for its complaint against Defendant, Kasten, Inc., hereby alleges as follows:

### Parties

1) Plaintiff, Objective Equity, LLC ("OE"), is a New York limited liability company with an address located at 380 Bretano Way, Greenbrae, California.

2) Defendant, Kasten, Inc. ("Kasten"), is Nevada Corporation. Kasten's registered service agent is Nevada Business Services with a business address located at 1805 N. Carson Street, Carson City, Nevada.

3) On or about June 18, 2021, the District Court for Clark County, Nevada appointed Acropolis Capital Partners, LLC as custodian over Kasten.

### Jurisdiction

4) This court has jurisdiction over this action pursuant to 28 U.S.C 1332. The amount in controversy is more than $75,000 and the parties are residents of different states. Kasten is a resident of Nevada. OE's members are residents of California.

5) Venue in this Judicial District is proper because this action arises out of a contract that contains a forum selection clause pursuant to which the parties unconditionally consented to the exclusive venue in any state or federal court located in New York, New York.

**Facts**

6) On or about March 26, 2015, OE, on the one hand, and "Dakota Life Sciences and/or its successors" by and through Steven J. Keough, its "CEO and Initial Member Thru Pharma, LLC dba" ("collectively, Pharma"), on the other hand, entered into an advisory agreement ("Advisory Agreement"), dated March 17, 2015, pursuant to which OE agreed to act as placement agent on an exclusive, best-efforts basis, to raise up to $25 million in a combination of debt and/or equity. A copy of the Advisory Agreement, which clearly sets forth the compensation to which OE was entitled, is attached hereto as **Exhibit A**.

7) During the first quarter of 2017, Pharma timely notified OE that it did not intend to renew the Advisory Agreement's two-year term. Thereafter, by agreement dated March 1, 2017 (the "Settlement Agreement"), Pharma and Kasten Corporation ("Kasten"), in contemplation of Pharma's prospective merger with Kasten, entered into an agreement with OE to establish the payment due to OE under the Advisory Agreement.

8) Among other things, the Settlement Agreement required Kasten to issue one million and fifty thousand (1,050,000) common stock shares of Kasten (the "Shares") to OE. The Shares were to be delivered "by certificate following the merger of Kasten and Pharma" and were subject to a lockup agreement that required OE to hold the Shares for no less than eighteen (18) months. OE, Pharma and Kasten all signed the Settlement Agreement, a copy of which is attached hereto as **Exhibit B**.

9) As stated in Kasten's First Quarter Disclosure Statement dated March 31, 2017, on March 3, 2017, Kasten merged with Pharma.

10) The Settlement Agreement required Kasten to deliver certificates for the Shares within a reasonable time of Pharma's merger with Kasten. Moreover, on January 16, 2018, Steven Keough, on behalf of Kasten, expressly agreed to issue the Shares "prior to the end of the 18-month lockup."

11) On July 23, 2018, OE inquired as to the status of the Shares because "the 18 months is over in a couple of weeks." Mr. Keough pivoted this time, stating that Kasten was "planning to issue certificates after the 18-month hold is completed."

12) After November 16, 2018, Kasten and Mr. Keough ceased all communications with OE and ignored OE's multiple inquiries. OE has since attempted to contact Kasten and Mr. Keough multiple times, all of which Kasten ignored.

## Count One (Breach of Contract)

13) OE incorporates paragraphs 1-12 of this Complaint into this Count as if fully stated herein.

14) Kasten breached the Settlement Agreement by failing to deliver the Shares to OE within a reasonable time of its merger with Pharma.

15) Kasten further breached the Settlement Agreement by failing to deliver the Shares to OE after OE repeatedly demanded that Kasten issue the Shares to OE.

16) As a result of Kasten's breach, OE has been damaged in an amount to be proven at trial.

17) In addition, the Settlement Agreement entitles OE to reimbursement of all legal fees and expenses incurred enforcing the Settlement Agreement.

**WHEREFORE,** Plaintiff, Objective Equity, LLC, respectfully requests that the Court enter judgment in its favor and against Kasten, as follows:

a. For all damages as may be proven at trial

b. Reasonable attorney's fees and all costs of litigation as permitted by the Settlement Agreement;

c. All applicable pre-judgment and post-judgment interest;

d. Costs; and

e. Such other and further relief as the Court deems just and proper.

Dated at Bridgeport, Connecticut, this 10th day of December, 2021.

PLAINTIFF
OBJECTIVE EQUITY, LLC

By: /s/ Aaron A. Romney
Aaron A. Romney (AR4700)
Zeisler & Zeisler, PC
10 Middle Street, 15th Floor
Bridgeport, CT 06604
203-368-4234
aromney@zeislaw.com
*Attorneys for Plaintiff*
*Objective Equity LLC*